**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **RAMON STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25 C 13506** |
| | ) | |
| **HEALTH CARE SERVICE CORP.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ramon Stevens has sued Health Care Services Corporation for claims under Title VII and 42 U.S.C. § 1981 as well as common law defamation and fraudulent misrepresentation. Stevens's claims concern HCSC's alleged failure to promote him because of his race and retaliation for opposing unlawful discrimination. HCSC has moved to dismiss Mr. Stevens's amended complaint.

## Background

The following facts are taken from the complaint and decisions from state court proceedings on an earlier lawsuit Stevens filed against HCSC.[1]

HCSC hired Mr. Stevens, a Black male, as an investment accountant in 2009. In May 2016, he became an "accountant II." In November 2017, December 2017, January 2019, and April 2019, Mr. Stevens applied for a fraud investigator position with HCSC.

---

[1] The Court "may take judicial notice of public records, including public court documents, in ruling on a motion to dismiss under Rule 12(b)(6)." *White v. Keely*, 814 F.3d 883, 886 (7th Cir. 2016).

In June 2019, he applied for an associate fraud investigator position. Mr. Stevens was not interviewed for any of these positions. In February 2020, he again applied for a fraud investigator position and was granted an interview.

Mr. Stevens alleges that HSCS manufactured a job requirement that the applicant has a knowledge or understanding of the criminal justice system and used this allegedly made-up job requirement to deny him the position. According to Mr. Stevens, HCSC "implied that the selected candidate's (white) resume indicated that he had a 'knowledge or an understanding of the criminal justice system'" and that Mr. Stevens did not indicate such knowledge on his resume. Compl. ¶ 13f. Mr. Stevens alleges that the selected candidate did not actually reference anything on his resume about having a knowledge or an understanding of the criminal justice system.

On January 11, 2021, Mr. Stevens filed a charge of discrimination with the Illinois Department of Human Rights (IDHR) alleging that HCSC failed to promote him because of his race and in retaliation for opposing unlawful discrimination. The IDHR investigated the charge and issued a report dated June 7, 2022. On July 6, 2022, the IDHR dismissed Mr. Stevens's charge for lack of substantial evidence. He timely filed a request for review with the Illinois Human Rights Commission (IHRC). On February 22, 2023, the IHRC held a hearing on the request for review.

On February 28, 2023, the IHRC sustained the dismissal of Mr. Stevens's charge in a written final decision. The IHRC found that Mr. Stevens failed to establish a *prima facie* case of discrimination based on race because he was unqualified for the position and lacked the requisite claims processing experience. The IHRC also found that HCSC offered a legitimate and non-discriminatory reason for not hiring Mr. Stevens,

specifically, that the selected candidate satisfied all of the position's requirements and had extensive proven experience within the organization that Mr. Stevens lacked. The IHRC further found that Mr. Stevens failed to establish a *prima facie* case of discrimination based on retaliation, as his 2014 complaint was too attenuated from his denial of a promotion to establish a causal connection. The IHRC found that even if Mr. Stevens had established a *prima facie* case in this regard, HCSC had articulated a legitimate and non-discriminatory reason for not hiring him.

Mr. Stevens appealed the IHRC's final order to the Illinois Appellate Court. He sought reversal of the IHRC's decision sustaining the IDHR's dismissal. He argued that the IHRC failed to consider HCSC's allegedly "numerous inaccurate statements," "shifting explanations," and "factually false" reason for not promoting him. *Stevens v. Ill. Hum. Rts. Comm'n*, 2024 IL App (1st) 230610-U, ¶ 23. On November 14, 2024, the court affirmed the IHRC's decision, finding that it did not act in an arbitrary or capricious manner in upholding the IDHR's dismissal of Mr. Stevens's charge for lack of substantial evidence. *Id.* at ¶ 32. On November 21, 2024, Mr. Stevens filed a motion to clarify the appellate court decision and a petition for rehearing. These motions were denied. Mr. Stevens then filed a petition for leave to appeal with the Illinois Supreme Court. His petition was denied on June 16, 2025.

On November 4, 2025, Mr. Stevens, representing himself, filed this lawsuit. On February 23, 2026, he filed his first amended complaint.[2] Mr. Stevens asserts claims

---

[2] Mr. Stevens's amended complaint only includes facts related to his discrimination and retaliation claims. HCSC notes in its motion that, given Mr. Stevens's *pro se* status, it treats the first amended complaint as inclusive of his original complaint. The Court will do the same.

alleging failure to promote and retaliation under Title VII and 42 U.S.C. § 1981 as well as claims of common law fraudulent misrepresentation and defamation.  HCSC has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

**Discussion**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" *NewSpin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 299 (7th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At the pleading stage, the Court must "accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Id.*  In ruling on a Rule 12(b)(6) motion to dismiss, a court is limited to assessing the allegations in the complaint, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information subject to proper judicial notice.  *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 498 (7th Cir. 2025).

### A.    Title VII claims

HCSC argues that Mr. Stevens's Title VII claims for failure to promote and retaliation are barred by the doctrine of claim preclusion.  Claim preclusion is an affirmative defense.  *See Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008).  A plaintiff is not required to anticipate or plead around affirmative defenses in his complaint.  *United States v. N. Tr. Co.*, 372 F.3d 886, 888 (7th Cir. 2004).  But "when it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal is appropriate." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (affirming the

dismissal of a complaint based on claim preclusion).

The Court applies Illinois law to determine the preclusive effect of the state court's judgment. *See* 28 U.S.C. § 1738. "Claim preclusion . . . prohibits litigants from relitigating claims that were or could have been litigated during an earlier proceeding." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). Under Illinois law, claim preclusion has three requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies." *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467, 889 N.E.2d 210, 213 (2008). Claim preclusion "bars not only what was actually decided in the first action but also those matters that could have been decided" in the first case unless certain exceptions apply. *A & R Janitorial v. Pepper Constr. Co.*, 2018 IL 123220, ¶ 16, 124 N.E.3d 962, 966.

An unreviewed decision by the IHRC is not entitled to preclusive effect. See *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986); *Buckhalter v. Pepsi–Cola Gen. Bottlers, Inc.*, 820 F.2d 892, 895 (7th Cir. 1987). In this case, however, Mr. Stevens sought review of the decision in the Illinois Appellate Court and that court affirmed the IHRC's decision. He then petitioned the Illinois Supreme Court for leave to appeal and that petition was denied. The appellate court's decision thus would bar further litigation in state court and therefore is preclusive in federal court under 28 U.S.C. § 1738. *DiAngelo v. Ill. Dep't of Pub. Aid*, 891 F.2d 1260, 1263 (7th Cir. 1989).

There is no dispute that the elements of claim preclusion are met. And any argument to the contrary would lack merit. The appellate court decision is a final judgment on the merits; the failure to promote and retaliation claims addressed by the

5

appellate court are identical to the Title VII claims that Mr. Stevens asserts in this case; and the parties are identical. *See Zaderaka v. Ill. Hum. Rts. Comm'n*, 131 Ill.2d 172, 178, 545 N.E.2d 684, 687 (1989) (When analyzing employment discrimination actions brought under the Illinois Human Rights Act, the IHRC and the Illinois Appellate Court apply the same analytical framework used for claims brought under Title VII.).

Instead, Mr. Stevens argues that he did not have an opportunity to fully and fairly litigate the claims. Claim preclusion does not apply if the plaintiff did not have a "full and fair opportunity" to litigate his claim in the prior action. *Dookeran v. County of Cook*, 719 F.3d 570, 576 (7th Cir. 2013) (citing the Due Process Clause of the Fourteenth Amendment). Due process requires "the opportunity to be heard at a meaningful time and in a meaningful way." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citations omitted). This is a flexible concept that balances the private interest affected by the official action; the risk of an erroneous deprivation; the probable value of additional or different procedural safeguards; and the government's interest. *Id.* at 335. The requirements vary by proceeding. *Hannah v. Larche*, 363 U.S. 420, 440 (1960).

First, Mr. Stevens argues that he did not have a full and fair impartial hearing before the IHRC because the IHRC "failed to adequately review" his case. Pl.'s Resp. at 3. In support, Mr. Stevens essentially rehashes his arguments from the state proceedings and contends that the IHRC could not have reached the conclusion it did based on the record. These arguments were considered and rejected by the appellate court. *See Stevens*, 2024 IL App (1st) 230610-U. His argument, effectively, is that the state court's decision was wrong. That is not a basis to avoid application of claim preclusion.

Mr. Stevens contends that the appellate court's review of the IHRC's decision was unfair because the court granted the IHRC deference "that they did not earn (via conducting an actual review)." Pl.'s Resp. at 5. This argument finds no support in the record. The appellate court held that Mr. Stevens did not show "that his race was a factor in why HCSC failed to promote him as he has failed to establish that he was qualified for the position sought." *Stevens*, 2024 IL App (1st) 230610-U at ¶ 29. Specifically, the court noted that Mr. Stevens admitted that he "lacked the requisite three years of claims processing experience and knowledge explicitly required for the role" during an interview with the IDHR. *Id.* at ¶ 27. Mr. Stevens does not address this point. The appellate court also held that, even if Mr. Stevens had established a *prima facie* case of discrimination, the investigator properly determined that "HCSC provided a legitimate and nondiscriminatory reason for denying petitioner the promotion when it hired a qualified candidate who possessed all the requirements and experience necessary for the position." *Id.* at ¶ 29. This Court concludes that there is nothing in the appellate court's decision to support Mr. Stevens's argument that the review of the IHRC's decision was unfair.

Mr. Stevens also argues that "[t]he IHRC's notice does not comport with the elements necessary to be considered meaningful notice." Pl.'s Resp. at 9. It appears that Mr. Stevens is referring to the language in the IHRC's request for review form. Pl.'s Resp., Ex. K. The form states, in relevant part:

> IN THE SPACE PROVIDED BELOW, YOU <u>MUST</u> LIST AND DESCRIBE THE SPECIFIC REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED. If applicable, you may write on the back of this form or attach additional information or documents, which supports your Request for Review. You may review your investigation file to help you prepare your request . . . . The Department's investigation file may be reviewed or copied

7

upon request once the Department's investigation has been completed. The Department is not responsible for copy service fees.

*Id.*

Mr. Stevens argues that this notice is "systematically inadequate, primarily because it's unclear and misleading." Pl.'s Resp. at 7. Mr. Stevens focuses on the abridged version of the investigative report that is filed in the IHRC record. He argues that the notice should inform the petitioner that he "should have no expectation for any supporting documents from the IDHR or any other source to be entered into the record, unless the Requestor files those supporting documents him/herself into the record for review," that "any documents not filed into the record by the Requestor-Petitioner, will not be reviewed or considered by the Commission," and that "any such supporting documents that the Requestor-Petitioner would like to be reviewed and/or considered by the Commission, the Requestor-Petitioner needs to make sure that he/she has taken the initiative to file such documents into the record." Pl.'s Resp. at 12.

Mr. Stevens points to an Illinois appellate court decision that noted it was "somewhat troubling" that the IHRC may "base its review and ultimate findings on the Department's summary of what the evidence showed, not necessarily through independent inspection of the underlying evidence." *Huang v. Hum. Rts. Comm'n*, 2021 IL App (2d) 200579-U, ¶ 29. The court went on to explain, however, that "it is the *petitioner's* burden to establish his case" when seeking review of the IDHR's decision. *Id.* The court also explained that the "notice" that Mr. Stevens takes issue with "specifically explained that petitioner could: submit documents with his request; arrange to access all documents in the Department's investigative file; and make copies of evidence in the file that he wished to have the Commission consider." *Id.* The court

did not find any due process violation and, instead, determined that the record before it was complete. *Id.* at ¶ 31.

Mr. Stevens similarly had the opportunity to raise new arguments and evidence before the IHRC. 775 ILCS § 5/8-103(B). In particular, he could have submitted any evidence he believed was relevant to the IHRC's review of his claims of error. *Id.* The appellate court also reviewed the IHRC's decision and did not express any concern that the record was incomplete. *Stevens*, 2024 IL App (1st) 230610-U. For all of these reasons, the Court concludes that the IHRC's "notice" did not violate Mr. Stevens's due process rights or otherwise deprive him of the opportunity to fully and fairly litigate his failure to promote and retaliation claims.

Finally, Mr. Stevens argues that his case is nearly "an exact replica" of *Jones v. City of Alton*, 757 F.2d 878 (7th Cir. 1985). In *Jones,* the Seventh Circuit explained that the plaintiff did not have a full and fair opportunity to litigate his case before the IHRC and in state court review. *Id.* at 885. The court based this decision on the fact that the IHRC and state court prevented him from introducing evidence related to lesser discipline of two white officers on the basis that the evidence "was irrelevant and immaterial" to his discrimination claim. *Id.* The Seventh Circuit thus concluded that the plaintiff "was prevented from presenting his evidence on the mistaken theory that racial discrimination was irrelevant to his discharge." *Id.* at 886.

Unlike the plaintiff in *Jones*, Mr. Stevens was allowed to present any evidence and argument he deemed relevant to the IDHR, the IHRC, and the appellate court. The IHRC and appellate court decisions reflect that his evidence and arguments related to his claims of discrimination and retaliation were fully considered at each step of the

process. And Mr. Stevens does not point to any particular issue or evidence that the IHRC or appellate court refused to hear. Instead, Mr. Stevens broadly argues that the IHRC and appellate court must have refused to review his case because their decisions were wrong. Again, however, disagreement with the outcome is not a basis to avoid application of claim preclusion.

The Court concludes that Mr. Stevens received adequate notice, an opportunity to be heard, and a decision by a neutral decision maker. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985); *Withrow v. Larkin*, 421 U.S. 35, 46–47 (1975) (describing the elements of due process). The Court therefore concludes that the state appellate court decision bars Mr. Stevens's Title VII failure to promote and retaliation claims.

## B.     Section 1981 and defamation claims

HCSC argues that Mr. Stevens's section 1981 and defamation claims are untimely. Mr. Stevens responds that he has satisfied every previous deadline proposed throughout his case, so his claims should not be considered time barred.

Claims under section 1981 must be brought within four years. 28 U.S.C. § 1658(a). Filing charges with the IDHR or EEOC does not toll the statute of limitations. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 551, n.13 (7th Cir. 2002) (citing *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454 (1975)). Mr. Stevens alleges that HCSC failed to promote him and retaliated against him in 2020, at the latest. Mr. Stevens filed his initial complaint in November 2025—at least five years after the challenged conduct occurred.

In Illinois, a plaintiff must file an action for defamation within one year of the

10

allegedly defamatory conduct.  735 ILCS 5/13-201.  Mr. Stevens alleges that HCSC made defamatory comments in its submissions to the IHRC in June 2022, more than three years before he filed this lawsuit.

Equitable tolling cannot save Mr. Stevens's 1981 and defamation claims. Equitable tolling may apply to pause the statute of limitations if a plaintiff pursues her rights diligently and yet "some extraordinary circumstance stood in [her] way and prevented timely filing."  *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (internal quotation marks omitted).  Mr. Stevens points to no extraordinary circumstances that prevented him from filing this case within the statutory limitation period such that equitable tolling would be warranted.

The Court concludes that it is clear from the face of Mr. Stevens's complaint that his section 1981 and defamation claims are time barred and that he has no way around the application of the relevant statutes of limitation.

## C.    Fraudulent misrepresentation claim

Finally, HCSC argues that Mr. Stevens's fraudulent misrepresentation claim should be dismissed because it is barred by the doctrine of issue preclusion and that, in any event, he has not alleged a viable fraudulent misrepresentation claim.  Mr. Stevens responds that the IHRC cannot consider fraudulent misrepresentation claims, so his claim could not have been brought in the prior proceeding.

Issue preclusion, also known as collateral estoppel, bars a party from "relitigating an issue actually decided in a prior case and necessary to the judgment."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 411 (2020).  In order for issue preclusion to apply, the issue must have "had a full and fair opportunity to litigate

11

the issue in the earlier action," and the relevant issue must be "same as one that was actually litigated in the previous action and was essential to the judgment." *Simon v. United States Dep't of Just.,* No. 22-1996, 2022 WL 4104027, *2 (7th Cir. Sept. 8, 2022).

"To sufficiently plead a cause of action for fraudulent misrepresentation, a plaintiff must allege and prove the following elements: (1) a false statement of material fact, (2) defendant's knowledge or belief that the statement was false, (3) defendant's intent that the statement induce the plaintiff to act, (4) plaintiff's justifiable reliance upon the truth of the statement, and (5) plaintiff's damages resulting from reliance on the statement." *Findlay v. Chicago Title Ins. Co.*, 2022 IL App (1st) 210889, ¶ 79, 215 N.E.3d 1006, 1023.

Mr. Stevens alleges that HCSC "deliberately implied/stated/alleged that the selected candidate had knowledge of the criminal justice system to enhance his profile candidacy." Compl. ¶ 12(h)(i). According to Mr. Stevens, this was a false assertion that contributed to the IDHR's finding of a lack of substantial evidence for his claim. *Id.* ¶ 12(h)(v).

The IHRC and Illinois Appellate Court determined that HCSC's asserted reasons for promoting another candidate over Mr. Stevens were not false. In its decision, the IHRC explained that HCSC "articulated a legitimate, nondiscriminatory reason for its hiring choice: that Matheis was hired as Fraud Investigator because he satisfied all of the position's requirements and had extensive proven experience within the organization." Def.'s Mot., Ex. G at 6.

The appellate court decided adversely to Mr. Stevens an element critical to his fraudulent misrepresentation claim—whether HCSC falsely asserted that the selected

12

candidate had knowledge of the criminal justice system. In his appeal, Mr. Stevens argued that the IHRC "failed to consider HCSC's 'numerous inaccurate statements,' 'shifting explanations,' and 'factually false' reasoning for not promoting [him]." *Stevens*, 2024 IL App (1st) 230610-U at ¶ 23. After considering this argument, the appellate court held that the IHRC "properly sustained" the IDHR investigator's determination that "HCSC provided a legitimate and nondiscriminatory reason for denying petitioner the promotion when it hired a qualified candidate who possessed all the requirements and experience necessary for the position." *Id.* at ¶ 29. Thus the Court concludes that Mr. Stevens's fraudulent misrepresentation claim is barred by issue preclusion.

The Court's determination that Mr. Stevens's claims are barred by claim preclusion, issue preclusion, and the relevant statutes of limitations are decisions on the merits; any attempt to replead the claims would be futile. The Court therefore dismisses Mr. Stevens's claims without leave to amend. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("[D]istrict courts have broad discretion to deny leave to amend where . . . amendment would be futile.").

### Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss plaintiff's amended complaint [dkt. no. 19] and directs the Clerk to enter judgment stating: This case is dismissed with prejudice.

Date: July 23, 2026

_____
MATTHEW F. KENNELLY
United States District Judge